# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LEWIS, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-1989 |
| v. | : | |
| | : | (Judge Rambo) |
| SUPERINTENDENT MASON, *et al.*, | : | |
|     Defendants | : | |

## **MEMORANDUM**

This matter is before the Court pursuant to the motion for a more definite statement (Doc. No. 17) filed by Defendants Superintendent Mason ("Mason"), Joshua Jones ("Jones"), Tony Phan ("Phan"), and Scott Roxby ("Roxby"). *Pro se* Plaintiff Andre Lewis ("Plaintiff"), who is currently incarcerated at the State Correctional Institution Smithfield in Huntingdon, Pennsylvania ("SCI Huntingdon"), has neither responded to the motion nor requested an extension of time to do so. Accordingly, because the time to respond has expired, the motion for a more definite statement is ripe for disposition.

## I. BACKGROUND

Plaintiff initiated the above-captioned action November 20, 2019, while incarcerated at SCI Retreat, by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In his complaint, Plaintiff references the fact that he filed a previous lawsuit against Defendants in this Court. (*Id.* ¶ 9 (citing 1:19-cv-1504).) Plaintiff

avers that since filing that complaint, Defendants Jones, Phan, and Roxby have subjected him to "multiple death threats." (*Id.* ¶ 10.) Plaintiff maintains that Defendant Jones indicated that Defendant Mason had given him "the go ahead to f*** [Plaintiff] up a little bit." (*Id.*) Plaintiff alleges further that Defendant Roxby said that they were going to "hang [Plaintiff's] ass and say we found you like that already." (*Id.*) Plaintiff reported the threats to Amy Rogers, a psychiatrist. (*Id.*) Plaintiff told Ms. Rogers that he thought Defendant Mason "was going to put a hit out on his life." (*Id.*) Ms. Rogers asked Plaintiff "for names of the people who made the claims but Plaintiff refused to say names out of fear of retaliation." (*Id.*)

Plaintiff maintains that since reporting his fears, Defendants "continue to [harass] and threaten" him. (*Id.* ¶ 11.) Plaintiff reported his concerns to Secretary John Wetzel and Staff Assistant Amina McCown. (*Id.*) On September 27, 2019, Plaintiff swallowed "poisonous body wash to go to the hospital to report officers' plan to 'kill [him] and make it look like a suicide.'" (*Id.* ¶ 12.) After returning from the hospital, Plaintiff was placed on suicide watch. (*Id.* ¶ 13.) On September 28, 2019, he suffered a seizure. (*Id.*) Plaintiff avers that Defendants Phan, Roxby, and Jones were on duty at that time. (*Id.*) When Plaintiff "came to," he asked for medical attention, but Defendants Phan, Roxby, and Jones ignored him. (*Id.*) Plaintiff avers that Defendant Jones told him that staff had seen the seizure on camera and that they

2

were hoping Plaintiff had died. (*Id.*) Plaintiff states he received no medical attention for the rest of Defendants' shift. (*Id.*)

Plaintiff avers that on September 30, 2019, he was watching TV in his cell when Defendants Phan, Jones, and Roxby sprayed "dangerous amounts of O.C. spray inside." (*Id.* ¶ 14.) He alleges that they "left him in there for 5 to 10 minutes to suffocate on the O.C. spray." (*Id.*) Defendants then called the lieutenant on duty, and Plaintiff was removed from his cell after the lieutenant arrived. (*Id.*) At that point, Plaintiff was having difficulty breathing. (*Id.*) Plaintiff avers that the lieutenant, for purposes of the camera recording, lied and stated that O.C. spray was used because Plaintiff's cell window was covered and because Plaintiff was unresponsive. (*Id.*) Plaintiff maintains that Defendants Phan, Jones, and Roxby violated Department of Corrections' policies regarding the use of force and failed to follow medical staff's orders regarding the use of O.C. spray against Plaintiff. (*Id.* ¶¶ 15-16.) According to Plaintiff, if O.C. spray is used against him, he must be removed immediately because he has severe asthma and takes a "breathing pill and inhaler twice a day." (*Id.* ¶ 16.) Plaintiff states that "all staff knew of [his] breathing condition." (*Id.*) Based on the foregoing, Plaintiff seeks damages. (*Id.* at 9.)

## II. STANDARD OF REVIEW

### A. Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although motions for a more definite statement are generally disfavored, they should be granted if a pleading is "unintelligible" or "virtually impossible for the opposing party to craft a responsive pleading." *See Morris v. Kesserling*, No. 09-cv-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010). "Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Pozarlik v. Camelback Assocs., Inc.*, No. 3:11-CV-1349, 2011 WL 6003841, at *2 (M.D. Pa. Nov. 30, 2011). Moreover, "[a] party making a Rule 12(e) motion must 'point out the defects complained of and the details desired.'" *See MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736 (D.N.J. 2008) (quoting Fed. R. Civ. P. 12(e)). A Rule 12(e) motion should be granted "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003) (quoting *Sun Co.*

*v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)). "It is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142-43 (D. Del. 1960). Rather, "[t]he basis for granting such a motion is unintelligibility, not lack of detail." *See Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989).

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

Defendants claim that a more definite statement is needed because they "have attempted to ascertain the basis of [Plaintiff's] allegations, but have been unable to effective and efficiently ascertain the [Plaintiff's] complaints." (Doc. No. 18 at 7.) They assert that they "cannot adequate respond to the Complaint without knowing exactly what conduct each Defendant allegedly engaged in which Plaintiff claims resulted in a violation of his civil rights." (*Id.*) Defendants maintain that requiring them "to answer the Complaint in its present form will lead to confusion and possible

6

prejudice if Defendants inadvertently fail to respond to an allegation." (*Id.*) Defendants, therefore, request that their motion be granted and Plaintiff be directed to file an amended complaint. (*Id.* at 7-8.)

The Court disagrees that a more definite statement or amended complaint is needed from Plaintiff. Although portions of the complaint may be somewhat unclear or lacking in particularity, the Court does not find that Plaintiff's complaint is so vague, ambiguous, or intelligible that Defendants cannot respond to it in good faith. Contrary to Defendants' assertion that they cannot ascertain Plaintiff's claims, Plaintiff clearly sets forth that he is raising Eighth Amendment claims based upon the denial of medical care and the use of excessive force. Plaintiff also suggests that Defendants have violated his First Amendment rights by retaliating against him for filing his other lawsuit that is pending before this Court. Any further details sought by Defendants may be disclosed later in discovery, and if such facts do not support Plaintiff's allegations, Defendants may file a properly-supported motion for summary judgment at an appropriate time in the future. *See MK Strategies, LLC*, 567 F. Supp. 2d at 737.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for a more definite statement (Doc. No. 17) will be denied. An appropriate Order follows.

<u>s/ Sylvia H. Rambo</u>
United States District Judge

Date: April 2, 2020