## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE LEWIS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:19-cv-1989** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **SUPERINTENDENT** | : | |
| **MASON,** *et al.*, | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This matter is before the Court pursuant to the motion for leave to depose Defendants and witnesses (Doc. No. 24) and motion for video conference (Doc. No. 28) filed by *pro se* Plaintiff Andre Lewis ("Plaintiff"). For the following reasons, the Court will deny Plaintiff's motions.

## I.    BACKGROUND

Plaintiff initiated the above-captioned action on November 20, 2019, while incarcerated at SCI Retreat, by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In his complaint, Plaintiff references the fact that he filed a previous lawsuit against Defendants in this Court. (*Id.* ¶ 9 (citing 1:19-cv-1504).) Plaintiff avers that since filing that complaint, Defendants Jones, Phan, and Roxby have subjected him to "multiple death threats." (*Id.* ¶ 10.) Plaintiff maintains that Defendant Jones indicated that Defendant Mason had given him "the go ahead to f*** [Plaintiff] up a little bit." (*Id.*) Plaintiff alleges further that Defendant Roxby

said that they were going to "hang [Plaintiff's] ass and say we found you like that already." (*Id.*)  Plaintiff reported the threats to Amy Rogers, a psychiatrist. (*Id.*) Plaintiff told Ms. Rogers that he thought Defendant Mason "was going to put a hit out on his life." (*Id.*)  Ms. Rogers asked Plaintiff "for names of the people who made the claims but Plaintiff refused to say names out of fear of retaliation." (*Id.*)

Plaintiff maintains that since reporting his fears, Defendants "continue to [harass] and threaten" him. (*Id.* ¶ 11.)  Plaintiff reported his concerns to Secretary John Wetzel and Staff Assistant Amina McCown. (*Id.*)  On September 27, 2019, Plaintiff swallowed "poisonous body wash to go to the hospital to report officers' plan to 'kill [him] and make it look like a suicide.'" (*Id.* ¶ 12.)  After returning from the hospital, Plaintiff was placed on suicide watch. (*Id.* ¶ 13.)  On September 28, 2019, he suffered a seizure. (*Id.*)  Plaintiff avers that Defendants Phan, Roxby, and Jones were on duty at that time. (*Id.*)  When Plaintiff "came to," he asked for medical attention, but Defendants Phan, Roxby, and Jones ignored him. (*Id.*)  Plaintiff avers that Defendant Jones told him that staff had seen the seizure on camera and that they were hoping Plaintiff had died. (*Id.*)  Plaintiff states he received no medical attention for the rest of Defendants' shift. (*Id.*)

Plaintiff avers that on September 30, 2019, he was watching TV in his cell when Defendants Phan, Jones, and Roxby sprayed "dangerous amounts of O.C.

2

spray inside." (*Id.* ¶ 14.)  He alleges that they "left him in there for 5 to 10 minutes to suffocate on the O.C. spray." (*Id.*)  Defendants then called the lieutenant on duty, and Plaintiff was removed from his cell after the lieutenant arrived.  (*Id.*)  At that point, Plaintiff was having difficulty breathing.  (*Id.*)  Plaintiff avers that the lieutenant, for purposes of the camera recording, lied and stated that O.C. spray was used because Plaintiff's cell window was covered and because Plaintiff was unresponsive.  (*Id.*)  Plaintiff maintains that Defendants Phan, Jones, and Roxby violated Department of Corrections' policies regarding the use of force and failed to follow medical staff's orders regarding the use of O.C. spray against Plaintiff.  (*Id.* ¶¶ 15-16.)  According to Plaintiff, if O.C. spray is used against him, he must be removed immediately because he has severe asthma and takes a "breathing pill and inhaler twice a day." (*Id.* ¶ 16.)  Plaintiff states that "all staff knew of [his] breathing condition." (*Id.*)  Based on the foregoing, Plaintiff seeks damages.  (*Id.* at 9.)

On March 13, 2020, Defendants filed a motion for a more definite statement. (Doc. No. 17.)  In a Memorandum and Order dated April 2, 2020, the Court denied Defendants' motion.  (Doc. Nos. 19, 20.)  Defendants, therefore, filed an answer to the complaint on April 9, 2020.  (Doc. No. 21.)  The parties are currently engaged in discovery, which closes on October 9, 2020.

## II.     PLAINTIFF'S MOTIONS

### A.     Motion for Leave to Depose Defendants and Witnesses

Plaintiff seeks leave to depose the four (4) Defendants as well as Sharon Nichol, an employee at SCI Retreat, and Kenneth Santiago, who used to be incarcerated at SCI Retreat and who is now incarcerated at SCI Smithfield.  (Doc. No. 24 at 1.)  As an initial matter, Plaintiff failed to file a brief in support of his motion as required by Local Rule 7.5, which permits the Court to deem Plaintiff's motion withdrawn.  *See* L.R. 7.5.  Regardless of the fact that Plaintiff's motion is not properly before the Court, the Court considers the merits of the motion below.

Defendants maintain that Plaintiff's request to conduct oral depositions "present[s] security and logistical concerns inherent in [depositions] conducted by incarcerated persons like Plaintiff."  (Doc. No. 27 at 12.)  The Court agrees with Defendants.  As an initial matter, the Court has broad discretion to rule upon inmate requests to conduct oral depositions pursuant to Rule 30 of the Federal Rules of Civil Procedure, *see McKeithan v. Jones*, 212 F. App'x 129, 131 (3d Cir. 2007), and with respect to Plaintiff's request to depose a fellow inmate, he must obtain leave of Court prior to doing so, *see* Fed. R. Civ. P. 30(a)(2)(B).  Plaintiff, however "would be responsible for his discovery expenses, including the costs associated with the taking

4

of a deposition." *Sears v. Mooney*, No. 1:17-cv-50, 2018 WL 5841971, at *4 (M.D. Pa. Nov. 8, 2018).

Defendants have included exhibits regarding the security and logistical concerns posed by Plaintiff's request. Those exhibits indicate that Plaintiff has a history of assaultive behavior while incarcerated and is currently serving a sentence for witness intimidation. (Doc. No. 27, Exs. A and C.) Defendants are also correct in that Plaintiff has not addressed how he would cover the expenses involved in conducting these depositions. These concerns weigh heavily in favor of denying Plaintiff's motion. This Court has previously noted:

> [I]t is evident that alternative means of obtaining discovery exist that would be sufficient for Plaintiff's purposes in this case. For example, pursuant to Fed. R. Civ. P. 31 Plaintiff could seek leave of [C]ourt to take depositions by written questions. He also has the availability of preparing and submitting written interrogatory questions to Defendants pursuant to Fed. R. Civ. P. 33.

*Pressley v. Pa. Dep't of Corr.*, No. 3:08-cv-2131, 2011 WL 13277239, at *2 (M.D. Pa. Jan. 27, 2011); *see also McKeithan*, 212 F. App'x at 131 (concluding that the district court did not abuse its discretion in denying inmate's request to conduct oral depositions); *Cramer v. Kerestes*, No. 3:15-cv-1360, 2020 WL 1233630, at *3-4 (M.D. Pa. Mar. 13, 2020) (noting the security and logistical concerns inherent in inmate requests to conduct oral depositions); *Williams v. Gavins*, No. 1:13-cv-387,

2014 WL 4185652, at *3 (M.D. Pa. Aug. 21, 2014) (same); *Muniz v. Price*, No. 3:10-cv-345, 2010 WL 4537037, at *3 (M.D. Pa. Nov. 3, 2010) (same).

Plaintiff also has not "set forth more specifically the necessity of deposing particular individuals, what discoverable information he anticipates they can provide, and why the information is unobtainable from other sources." *Belle v. Crawford*, No. 91-8013, 1993 WL 59291, at *7 (E.D. Pa. Mar. 8, 1993). In light of this, as well as the logistical and security concerns discussed above and the availability of alternate forms of discovery, the Court will deny Plaintiff's motion for leave to depose Defendants and witnesses (Doc. No. 24). This denial, however, will be without prejudice to Plaintiff's right to refile his request in the future should the need arise.

## B.     Motion for Video Conference

Plaintiff also requests that the Court schedule a video conference between him, Superintendent Luther of SCI Smithfield, and Ms. Ingram, the supervisor for medical records. (Doc. No. 28.) Plaintiff avers that he has been attempting to obtain a copy of a doctor's order directing DOC staff not to use O.C. spray on him. (*Id.* at 1.) At this time, the Court concludes that a video conference is not necessary. Because the parties are currently in discovery, Plaintiff may submit a request for a

copy of the doctor's order to counsel for Defendants.   Accordingly, Plaintiff's motion for video conference (Doc. No. 28) will be denied.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motions for leave to depose Defendants and witnesses (Doc. No. 24) and motion for video conference (Doc. No. 28) will be denied.  An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Date: June 9, 2020